UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:20-CV-00024-JHM**

**PINKERTON TOBACCO CO., LP**
**SWEDISH MATCH NORTH AMERICA, LLC,**
**AND NYZ AB**                                                                                         **PLAINTIFFS**

**V.**

**KRETEK INTERNATIONAL, INC. AND**
**DRYFT SCIENCES, LLC**                                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Documents Under Seal. [DN 26]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiffs' Motion is **GRANTED**.

### I. BACKGROUND

Pinkerton Tobacco Co., LP, Swedish Match North America, LLC, and NYZ AB (collectively "Plaintiffs") filed a Complaint against Kretek International, Inc. and DRYFT Sciences, LLC (collectively "Defendants") alleging violations of the Defend Trade Secrets Act and Kentucky Trade Secrets Act. [DN 1]. Thereafter, Defendants filed a Motion to Dismiss or, in the Alternative, to Transfer. [DN 13]. Plaintiffs filed their Opposition to Defendants' Motion [DN 25] and simultaneously filed a Motion for leave to file a document under seal [DN 26]. The document at issue is a Licensing Agreement and is Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion. [DN 25-2; DN 27].

After some back and forth between the parties, Plaintiffs identified the particular paragraphs of the document that they wished to redact—specifically ¶¶ 2.5, 3.2, 3.3, and 4.1. Defendants, after filing an initial brief in opposition to Plaintiffs' Motion, filed a supplement to

their opposition. [DN 36]. Therein, Defendants noted that they did not object to redacting ¶¶ 3.2 and 3.3 but continued to oppose Plaintiffs' request as to ¶¶ 2.5 and 4.1 for the same reasons set forth in their original brief in opposition. [*Id.*]. In their original brief, Defendants noted three reasons why the Court should deny Plaintiffs' Motion—first, Plaintiffs did not identify the information they sought to seal, nor did Plaintiffs explain why it should be protected; second, Plaintiffs' Motion was not narrowly tailored; and third, Plaintiffs failed to establish any cognizable harm. [DN 34 at 5–7]. Because the Defendants retain those same arguments regarding the redaction of ¶¶ 2.5 and 4.1, the Court addresses those concerns below.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 5.2(d) allows courts to order that a filing be made under seal without redaction. Local Rule 5.6 also permits a party to move to file a document under seal. The Sixth Circuit "recognize[s] . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). The party that seeks to seal the records bears the heavy burden of overcoming that presumption where "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations omitted).

"To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citation omitted). "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at 637 (citation omitted). "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing

reasons and legal citations.'" *Id.* (citation omitted). If a district court opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

### III. DISCUSSION

One basis for Defendants' opposition is that Plaintiffs' request did not identify the information they sought to seal, nor was the request narrowly tailored. Indeed, to overcome the presumption in favor of openness, Plaintiffs must show that their request is narrowly tailored. *Kondash*, 767 F. App'x at 637. Although Plaintiffs' initial Motion did not identify any specific portions of the document for redaction, Plaintiffs now identify four paragraphs of the seven-page Licensing Agreement. As the basis for their request, Plaintiff claim certain provisions concern confidential co-ownership agreements of patents with a third-party, WM17. Defendants only object to the redaction of ¶¶ 2.5 and 4.1. Plaintiffs explain that the divulsion of those two paragraphs "would create an unnecessary risk that Plaintiffs breached their confidentiality obligations to WM17." The Court finds the Plaintiffs' request is narrowly tailored as Plaintiffs do not seek to seal the entirety of the Licensing Agreement, but rather only the portions containing sensitive information related to Plaintiffs' business relationship with a third-party.

Defendants next take issue with Plaintiffs' failure to explain why the provisions should be redacted, as well as the failure to establish any cognizable harm. Defendants' point is well-taken. A party moving to file a document under seal must show that it will suffer a "clearly defined and serious injury" if the records are made public. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016); compare *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (risk of reputational harm is insufficient), with *Nixon v. Warner*

*Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) (potential damage to "competitive standing" can be sufficient). Plaintiffs' Reply addresses this concern. [DN 39]. Regarding ¶ 2.5, a paragraph setting forth the rights of licensees with respect to the licensed patents, Plaintiffs explain the provision refers to obligations between the licensor and licensee—right and obligations which have roots in a confidential co-ownership agreement with WM17. [*Id.* at 4]. Thus, to avoid breaching confidentiality agreements with WM17, the provision must be redacted. With respect to ¶ 4.1, a paragraph identifying assignment rights of licensor, NYZ AB, Plaintiffs explain that the assignment rights are also governed, at least in part, by the confidential co-ownership agreement with WM17. [*Id.*]. Again, to avoid breach of that agreement, Plaintiffs explain, the provision must be reacted. Plaintiffs state that if they were found to have breached the agreements with WM17, "the resulting harm to Plaintiffs would be severe." [*Id.* at 5]. The Court finds that Plaintiffs have adequately stated why the provisions should be redacted—in order to preserve the co-ownership agreement between Plaintiffs and a third-party, WM17.

Finally, it is necessary that the Court consider the public's interest in viewing the paragraphs Plaintiffs seek to redact. The Sixth Circuit has noted that "the public is entitled to assess for itself the merits of judicial decisions. Thus, '[t]he public has an interest in ascertaining what evidence and records the District Court . . . relied upon in reaching [its] decision.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1181 (6th Cir. 1983)). Plaintiffs address this concern in their Reply in support of their Motion. [DN 39 at 4]. Plaintiffs note that their Complaint does not concern the licensed patents relevant in both paragraphs they seek to redact. *Id.* Indeed, Plaintiffs Complaint alleges Defendants improperly acquired "certain technology and know-how" in violation of federal and state law. [DN 1 ¶¶ 34, 41–51]. The licensed patents are

never mentioned in the Complaint [DN 1] and are not referred to in Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer [DN 25]. Because these provisions refer to business relationships—between Plaintiffs and a third-party, WM17—not relevant to the pending litigation, the Court finds the public interest in this evidence is low.

Taking account of the above considerations, the Court finds the balance weighs in favor of redacting the provisions at issue here. That being the case, the Plaintiffs' Motion is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Documents Under Seal [DN 26] is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 31, 2020

cc: counsel of record

5